JOHN ZIMMERMAN ET AL. V. MARY KLINGEMAN.

|31 495|
|42 841|

[FILED MARCH 10, 1891.]

1. **Review:** BILL OF EXCEPTIONS ESSENTIAL. Errors of trial in
overruling motions to exclude evidence will not be considered
unless the motion, the ruling, and the evidence are presented in
the record by bill of exceptions.

2. ————: ————: INSTRUCTIONS to the jury apparently judicious,
and not excepted to on the trial, are not reversible error without
evidence.

3. ————: ————. Without a bill of exceptions embodying the evi-
dence, the verdict will not be set aside as excessive and not sus-
tained by the evidence.

ERROR to the district court for Sarpy county.    Tried
below before DOANE, J.

*J. P. Grove*, for plaintiff in error.

*C. L. Hover*, and *I. V. Randall, contra.*

COBB, CH. J.

The plaintiff, Mary Klingeman, brought her action in the
district court of Sarpy county, against the defendants, al-
leging that Julius Krassig has been engaged in the saloon
business in the town of Papillion during the last four
years, and that John Zimmerman has likewise been so
engaged in the same business, in the same town, during the
last eighteen months ; that John Guthard and Hans Thomp-
son (of the firm of Krassig & Thompson) have been en-
gaged in the same business, in the same town, for the last
year, and that each of said defendants is still engaged in
said business, in said town.

1. That each of said defendants was duly licensed to
sell malt, spirituous, and vinous liquors by the board of

trustees of said town, and gave bond, with sureties, as required by law; that John Zimmerman gave bond with John H. Zimmerman, Fred C. Stroeb, and Fred Thiering as sureties; that Julius Krassig gave bond with John Seefus and Jacob Sutter as sureties; that John Guthard gave bond with Peter N. Deerson and William Snyder as sureties; that Julius Krassig and Hans Thompson have been doing business under the firm name of Krassig & Thompson.

2. That the plaintiff has been the wife of J. C. Klingeman for five years, and they have resided during that time in said county.

3. That her said husband is a physician and surgeon, and, when not under the influence of intoxicating liquors, is an energetic, industrious, and successful practitioner, and that she is dependent on him for her support.

4. That on February 10, 1889, and continuously, and at divers times before and since that date, during the past four years, defendants Zimmerman, Krassig, Thompson, and Guthard have sold and furnished to her said husband intoxicating liquors, thereby causing intoxication by which he was unfitted for the practice of his profession; and has failed to support the plaintiff, and has caused her great mental suffering and disgrace.*

5. That prior to four years ago her said husband provided a good living for his family, who were in comfortable circumstances, and he had $2,500 worth of real estate, and $3,000 in personal property and book accounts, free of incumbrance, and his yearly earnings amounted to $3,000.

6. That during the last four years he has become an habitual drunkard, has neglected his business, has squandered his money and property, and has neglected to provide for and support the plaintiff.

7. That he has at various times been arrested, tried, and

* Words underlined are stricken out.

fined in large sums of money on the charge of intoxication, and has paid in such fines and costs during the last four years, $300.

8. That prior to 1884 he was a sober, industrious, energetic, and respectable citizen, and was not an habitual drunkard, as he now is.

9. That when under the influence of intoxicating liquors he is of a quarrelsome disposition, and has, at divers times, struck, abused, and maltreated plaintiff, causing her great physical and mental suffering.

10. That he squandered his money in the saloons of defendants for drink, and has been disqualified to support and maintain the plaintiff by reason thereof.

11. That each of the defendants furnished him intoxicating liquors during the past four years in sufficient quantities to cause intoxication, and while in such condition the defendants continued to furnish him such intoxicating liquors.

12. That said defendants were notified and warned by the plaintiff, at various times during the past four years, not to sell or furnish liquor to her husband.

13. That by reason of defendants furnishing liquor to him the plaintiff has been damaged $10,000, no part of which has been paid. Wherefore she asks judgment against them for that amount.

The defendant John Zimmerman and his sureties, John H. Zimmerman, John Schram, Charles Clymer, P. M. Zeigel, and John Guthard and his sureties, Peter N. Deerson and William Snyder, answered, excepting the last two lines of the 4th, and the 7th, 8th, 9th, and 12th specifications of the plaintiff:

1. That the defendant John Zimmerman, at the commencement of this action had been engaged, prior thereto, in keeping saloon in Papillion eighteen months, and the defendant John Guthard nine months.

2. Said defendants further allege that during said time

the amount of property owned by Dr. J. C. Klingeman, the plaintiff's husband, has not decreased, nor his standing as a physician been injured, nor the extent of his practice diminished. Defendants allege that all injury sustained by him by reason of intoxicating liquors, in property, and in the practice of his profession, as a physician, was antecedent and prior to the engagement of defendants in keeping a saloon.

3. They deny that he has failed to provide for and suitably maintain and support his family during the time they have been so engaged in keeping saloon at the place aforesaid.

4. That prior thereto the plaintiff's husband was an habitual drunkard, and was incapacitated by the excessive use of intoxicating drinks from successfully practicing his profession as a physician, and had failed in, neglected, and had lost his practice as a physician and surgeon.

5. They deny that they have sold or furnished the plaintiff's said husband with intoxicating liquors prior to or since their engaging in the saloon business as stated.

6. They deny that the plaintiff has been damaged by reason of the defendants' selling or furnishing the plaintiff's husband intoxicating liquors.

7. They deny that they furnished him intoxicating beverages without the consent of the plaintiff.

8. And they deny that they have damaged plaintiff $10,000, or in any sum, and pray judgment for their costs.

The defendant Julius Krassig, and his sureties, John Seefus and Jacob Sutter, answered, admitting that Krassig was duly licensed by the board of trustees of said town to sell malt, vinous, and spirituous liquors and has been in that business for four years last past.

2. He denies that during said time plaintiff's husband was worth in real estate the sum of $2,500, or in personal property $3,000 at any time.

3. Defendant alleges that he has not suffered any depre-

ciation of the value of. said property during the time defendant has been engaged in said business by reason of intemperate habits, nor has his standing as a physician suffered any material injury thereby, nor his practice diminished by reason thereof.

4. Defendant denies that plaintiff's husband has failed to provide the necessaries and comforts for his family for their maintenance and support.

5. He alleges that during the said J. C. Klingeman's period of intoxication the plaintiff has bought and supplied him with intoxicating liquors, and has at various times requested defendant to sell him intoxicating liquors after defendant had absolutely refused to sell or give him any.

6. He denies that the plaintiff has been damaged by reason of defendants' selling or giving to plaintiff's husband intoxicating liquors.

7. And denies that he ever sold or furnished any intoxicating beverages to him, but has refused him at all times, except when specially requested by the plaintiff.

8. He denies that he has damaged the plaintiff $10,000, or in any amount, and they pray judgment for their costs.

On April 29, 1889, the defendants' motion to strike out the two last lines of specification No. 4 of the petition was sustained, and the motion as to certain other points was overruled.

The plaintiff replied admitting the truth of that portion of the various answers of defendants, stating the time which they have been engaged in business, and their being duly licensed and giving bonds with sureties as set forth in their separate answers, and denied all other allegations in each of the said answers contained.

There was a trial to a jury with a verdict for the plaintiff for $500, and the defendants' motion for a new trial having been overruled, judgment was entered on the verdict.

The plaintiffs in error assign the following errors for the review of this judgment:

I. The court erred in refusing to overrule all testimony tending to show personal abuse and injury inflicted· upon the plaintiff by her husband.

II. In giving of its own motion instructions to the jury first, second, and third, holding defendants John Zimmerman and John Guthard liable for damages sustained by the plaintiff during a period when they were not engaged in the saloon business.

III. The verdict is not sustained by the evidence.

IV. The damages are excessive.

V. The judgment is contrary to law.

· It appears from the record and the brief of counsel that no bill of exceptions was preserved in this case to inform the court what testimony was introduced on the trial by the plaintiff below, or what motions, ·if any, to exclude improper testimony were overruled by the court. It appears also that exceptions were not taken by the defendants on the trial to the first, second, and third instructions of the court to the jury. The brief of counsel cannot supply these deficiencies. We are without any criterion of opinion, therefore, in the absence of any testimony, to consider whether the judgment is not sustained by the evidence. The first, second, and third errors are therefore overruled.

As to the fourth error, that the damages are excessive, it does not appear that the judgment is for such an amount, on the cause of action presented, as to seriously question the integrity and intelligence of the jury or the discretion of the trial court which overruled the motion to set the verdict aside. Had the damages seemed excessive, with the testimony of all parties before it the court had its discretion to reduce it to a proper judgment. The fourth error is overruled. It follows that the fifth error cannot be sustained and we find that the judgment is in accordance with the provisions of sections 15, 16, and 18 of chapter 50, p. 555, of Compiled Statutes, relating to the sale of

liquors, suits by married women, and the trial and evidence therein.   The judgment of the district court is

AFFIRMED.

THE other judges concur.